UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ALISON MILLER and CATHERINE SMITH,

    Plaintiffs,

**JURY TRIAL DEMANDED**

v.

VICTORIAN RESTAURANT CORP., a Florida
corporation, SHENANIGANS EAST SIDE,
LLC, a Florida limited liability company,
PATRICK UTTER, an individual and
CHRISTINE UTTER, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, ALISON MILLER ("MILLER") and CATHERINE SMITH ("SMITH") by and through their undersigned attorney, file their Complaint for Damages against Defendants, VICTORIAN RESTAURANT CORP. (hereinafter, "VEC"), SHENANIGANS EAST SIDE, LLC, (hereinafter, "SES"), PATRICK UTTER, and CHRISTINE UTTER and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid minimum wages and tips under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 26 U.S.C. §7434.

3. At all times pertinent to this Complaint, the corporate Defendants, VEC and SES were enterprises engaged in interstate commerce, respectively.

4. At all times pertinent to this Complaint, the corporate Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. During all time periods set forth herein Defendants operated two (2) Broward County restaurants, both of which went by the trade name "Shenanigans." VEC and SES, despite being incorporated separately, operated as a single, unified operation.

6. At all times material hereto, corporate Defendants, VEC and SES, were "enterprise[s] engaged in commerce" within the meaning of the FLSA, respectively.

7. Plaintiffs' work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce. Specifically, the Plaintiffs handled food and drinks each work day, which were originally manufactured outside the State of Florida.

8. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

9. During all time periods set forth herein, the Defendants had no less than 5 other employees handling, selling or otherwise working on goods or materials that had moved in or were produced for commerce. Those workers also handled food and drinks at the Defendants' restaurant, which were originally manufactured outside the State of Florida.

10. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

11. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

12. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendants were and continue to be a corporations and individuals doing business within this judicial district.

## PARTIES

13. At all times material hereto, Plaintiffs, MILLER and SMITH were residents of Broward County, Florida and were "employee[s]" of the Defendants within the meaning of the FLSA.

14. During the time period set forth herein, corporate Defendants, VEC and SES were conducting business in Dania Beach and Hollywood, Florida, respectively, with their principal places of business in those cities.

15. During the time periods set forth herein, the Defendants were "employer[s] within the meaning of the FLSA and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

16. SES and VEC jointly employed each of the Plaintiffs.

17. During all time periods set forth herein, Defendants knowingly, willfully and maliciously failed to pay Plaintiffs, MILLER and SMITH their lawfully earned wages in conformance with the FLSA.

18. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

19. At all times material hereto, the work performed by Plaintiffs, MILLER and SMITH were directly essential to the business performed by Defendants.

20. Plaintiffs, MILLER and SMITH have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

21. From about January 6, 2019 to June 30, 2020, and also from about June 7, 2021 to November 13, 2022, Plaintiff, MILLER was employed by the Defendants as a server and bartender at the Defendants' restaurants.

22. From about September 28, 2021 to about September 24, 2022, Plaintiff, SMITH was employed by the Defendants as a server and bartender at the Defendants' restaurants.

23. Throughout their employment, the Defendants, through their managers, would send the Plaintiffs to whichever Shenanigans restaurant location needed workers on/in any given day or week.

24. During their employment, the Defendants required the Plaintiffs and other bartenders to participate in a tip pool that included workers engaged in a tip occupation. The Defendants, however, permitted dishwashers to receive part of the tip pool. Dishwashers are not in a tipped occupation.

25. The Defendants failed to properly inform the Plaintiffs of Defendants' intention to take a "tip credit" against minimum wages.

26. During the time period when Plaintiffs were employed by the Defendants, they were required to pay for customer walkouts, where the restaurant customer did not pay the check.

27. During the time period when Plaintiffs were employed by the Defendants, if customers for take-out orders failed to pick up their food, servers/bartenders were required to pay for it.

28. During the time period when Plaintiffs were employed by the Defendants, if there were shortages in the Point of Sales (P.O.S.) system, servers/bartenders were required to pay for them.

29. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiffs.

30. The Defendants failed to satisfy all conditions precedent for taking an FLSA "tip credit" against Plaintiff's minimum wages.

31. The Defendants misappropriated the Plaintiffs tips in violation of the FLSA.

32. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiffs.

33. Defendant, PATRICK UTTER was a supervisor and or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiffs.  Therefore, he is personally liable for the FLSA violations.

34. Defendant, PATRICK UTTER was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

35. Defendant, CHRISTINE UTTER was a supervisor and or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiffs.  Therefore, he is personally liable for the FLSA violations.

36. Defendant, CHRISTINE UTTER was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

37. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

38. Plaintiffs reallege Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Plaintiffs' employment with Defendants was to consist of a workweeks for which they were supposed to be compensated at or above the FLSA minimum wage.

40. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

41. Defendants unlawfully availed themselves to an FLSA "tip credit."

42. The Defendants failed to satisfy all conditions precedent for taking a "tip credit" against the Plaintiffs' minimum wages.

43. The Defendants failed to lawfully inform the Plaintiffs about their intention to take a "tip credit."

44. The Defendants did not permit the Plaintiffs to retain all their tips, in violation of the FLSA.

45. The Defendants acted willfully.

46. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

    WHEREFORE, Plaintiffs respectfully request:

    a.    judgment in their favor for all unpaid minimum wages due or payable;

    b.    liquidated damages;

    c.    attorney's fees and costs pursuant to the FLSA;

    d.    post-judgment interest;

    e.    recoupment of all tips which belonged to the Plaintiffs; and,

    f.    all other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

47. Plaintiffs reallege Paragraphs 1 through 37 as if fully stated herein.

48. Pursuant to Article X, Section 24 of the Florida Constitution Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

49. During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for all of their work hours. The Defendants acted willfully and maliciously.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendants:

    a.    Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiffs at or above the minimum wage;

    b.    Awarding Plaintiffs all back wages due and owing;

    c.    Awarding Plaintiffs liquidated damages in the amount equal to their back wages;

    d.    Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation;

    e.    Awarding Plaintiffs prejudgment and post-judgment interest;

    g.    Recoupment of all tips which belonged to the Plaintiffs, and,

    h.    Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

DATED: March 13, 2023.

                              Respectfully submitted,

                              BOBER & BOBER, P.A.
                              Attorneys for Plaintiff
                              2699 Stirling Road, Suite A-304
                              Hollywood, FL 33312
                              Phone: (954) 922-2298
                              Fax: (954) 922-5455
                              peter@boberlaw.com

                              By: /s/. Peter Bober
                                      PETER BOBER
                                      FBN: 0122955